

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-23-2007

# Holpp v. Integrated Comm Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1234

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Holpp v. Integrated Comm Corp" (2007). *2007 Decisions.* Paper 1755.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1755

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1234

LINDA HOLPP,

Appellant,

v.

INTEGRATED COMMUNICATIONS CORP.,

Appellee

On Appeal from the United States District Court
for the District of New Jersey
(No. 03-CV-3383)
District Judge: The Honorable William G. Bassler

Submitted Under Third Circuit LAR 34.1(a)
November 28, 2006

Before: FUENTES and GARTH, Circuit Judges,
and POLLAK,* District Judge.
(Filed: January 23, 2007)

OPINION OF THE COURT

POLLAK, District Judge.

---

*Honorable Louis H. Pollak, Senior District Judge for the United States District
Court of the Eastern District of Pennsylvania, sitting by designation.

Plaintiff-appellant Linda Holpp appeals from the District Court's grant of summary judgment in favor of defendant-appellee Integrated Communications Corporation (ICC) on Holpp's claims under the Family and Medical Leave Act (FMLA), codified at 29 U.S.C. § 2601, et seq. We will affirm.

## I. Background

Because we write primarily for the parties, we summarize only the essential facts. ICC is an advertising agency that, at the time of Holpp's termination, employed Holpp as a Senior Vice President, Group Account Supervisor. Holpp worked exclusively on ICC's Aventis Pasteur (Aventis) account, developing new business pitches and projects, serving as ICC's primary contact person for all Aventis-related issues, and otherwise overseeing all work done by ICC on behalf of Aventis.

On or about September 9, 2002, Holpp began to experience difficulties working as a result of injuries she had sustained in a car accident some years earlier. While Holpp informed an ICC supervisor about these issues, she did not stop performing the tasks associated with her position. Instead, Holpp worked from home, continuing to correspond with employees of ICC and Aventis, and to incur business-related expenses. On October 2, Holpp sent her ICC supervisors an email stating that she could no longer help out from home and asking them to send her disability leave forms. On October 7, Holpp received forms providing her with FMLA leave as of October 1, 2002. Holpp

2

returned to work on December 16, 2002 and was terminated by ICC on that same day.

On July 7, 2003, Holpp filed a complaint alleging that ICC had violated the FMLA by interfering with her exercise of FMLA rights and failing to reinstate her to the same or an equivalent position when she returned from leave.  After discovery closed, ICC filed a motion for summary judgment and Holpp filed a motion for partial summary judgment on her interference claim.  The District Court denied Holpp's motion for partial summary judgment, granted ICC's motion for summary judgment, and entered a final judgment in favor of  ICC.  We review the District Court's decision pursuant to 28 U.S.C. § 1291.

## II.    Analysis

In reviewing a district court's grant of summary judgment, we exercise plenary review. Fed. Home Loan Mortg. Corp. v. Scottsdale Ins. Co., 316 F.3d 431, 443 (3d Cir. 2003).  Summary judgment is appropriate only if the record establishes that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. Pro. 56 (c).  When making this determination, we view the facts in the light most favorable to the party opposing the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

FMLA § 2615(a)(1) makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of" any right provided by the FMLA.  To establish an

3

interference claim, "the employee only needs to show that he was entitled to benefits under the FMLA and that he was denied them." Sommer v. The Vanguard Group, 461 F.3d 397, 399 (3d Cir. 2006). Holpp claims that ICC interfered with her exercise of rights guaranteed by FMLA § 2612(a)(1) by failing to grant her FMLA leave when she requested it. On appeal, she argues that the District Court erred by not analyzing this claim under Shtab v. The Greate Bay Hotel and Casino, 173 F.Supp.2d 255, 268 (D.N.J. 2001) and Williams v. Shenango, Inc., 986 F.Supp 309, 320 (W.D.Pa. 1997), which ruled that an employer's request for an employee to delay taking FMLA leave can constitute interference in violation of FMLA § 2615. The District Court found no evidence (a) that ICC ever suggested to Holpp that she could not take FMLA leave, or (b) that Holpp apprised ICC of her need for leave prior to October 2, 2002—at which point ICC granted her request. We discern no clear error with these findings. Hence we conclude that Shtab and Williams are inapposite, and that the District Court properly held that ICC was entitled to judgment as a matter of law on Holpp's interference claim.

Holpp also contends that ICC violated FMLA § 2614(a)(1) by failing to reinstate her to the same or an equivalent position of employment when she returned from her FMLA leave. However, as we have noted, the right to reinstatement

> does not entitle a restored employee to a right, benefit or position to which the employee would not "have been entitled had the employee not taken the leave." 29 U.S.C. § 2614(a)(3)(B). Thus, for example, if an employee is discharged during or at the end of a protected leave for a reason unrelated to the leave, there is no right to reinstatement. 29 C.F.R. § 825.216(a)(1).

4

Conoshenti v. Public Service Elec. & Gas Co., 364 F.3d 135 (3d Cir. 2004).  There was evidence before the District Court that several employees of Aventis, Holpp's sole client, had expressed serious concerns about Holpp's performance, and that Aventis's Executive Director of Marketing had told Holpp's supervisor that ICC's business with Aventis—worth approximately three million dollars a year to ICC—could be at risk if ICC continued to let Holpp manage the Aventis account.  These were the circumstances, according to ICC's witnesses, that led to Holpp's termination.  ICC's evidence on this score was not contradicted.  Since the record offered no ground on which a fact-finder could reasonably conclude that ICC's explanation of Holpp's termination was pretextual, and that the real reason was traceable to Holpp's having taken FMLA leave, the District Court properly ruled that ICC was entitled to judgment as a matter of law on Holpp's failure to reinstate claim.

## III.    Conclusion

For the foregoing reasons, we will affirm the District Court's grant of summary judgment for ICC, denial of Holpp's motion for partial summary judgment, and entry of final judgment in favor of ICC.